# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| TERRIE M. COATES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-16-271-SM |
| CAROLYN W. COLVIN, acting Commissioner Social Security Administration, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Terrie M. Coates (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision that he was not "disabled" under the terms of the Social Security Act. See 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented under 28 U.S.C. § 636(c) to proceed before a United States Magistrate Judge. Doc. 12. Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the court reverses and remands the Commissioner's decision.

**I.  Administrative Proceedings.**

Plaintiff applied for disability insurance benefits, alleging her impairments became disabling in November 2011, with a date last insured of June 30, 2012. AR 169, 48, 49. The Social Security Administration (SSA)

initially and on reconsideration denied Plaintiff's claim. *Id.* at 93-103. At Plaintiff's request, an Administrative Law Judge conducted a hearing. *Id.* at 46-72, 73-75. The ALJ denied Plaintiff benefits and the SSA Appeals Council declined Plaintiff's request for review; Plaintiff now seeks review of the Commissioner's final decision. *Id.* at 26-42, 1-4; Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. § 404.1520; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she succeeds, the ALJ conducts a residual functional capacity (RFC)[1] assessment at step four to determine what Plaintiff can still do despite her impairments. *See* 20 C.F.R. § 404.1520(a)(4)(iv); *Andrade v. Sec'y of Health &*

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

2

*Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

### III. The ALJ's findings.

Following the familiar five-step inquiry, the ALJ found Plaintiff had the following severe impairments: "seizure disorder, remote right knee surgery, status post cervical surgery, history of back pain, COPD in smoker, and obesity." AR 31. The ALJ determined Plaintiff had the RFC to perform less than the full range of light work, concluding she could occasionally lift and/or carry twenty pounds, frequently lift and/or carry ten pounds, stand and/or walk at least six hours in an eight-hour workday, sit at least six hours in an eight-hour work day, and she "should avoid work above shoulder level." *Id.* at 31-32. Additionally, Plaintiff should have "avoided concentrated exposure" to "dust, odors, and fumes (work in an environment like a non-smoking law office)." *Id.* at 32. The ALJ also noted: "[a]lthough [Plaintiff] has also alleged impairment related to depression, the medical evidence of record does not substantiate the severity of this condition." *Id.* at 31. So, the ALJ found this "impairment is non-severe." *Id.*

After concluding Plaintiff could not perform any past relevant work, the ALJ determined at step five that Plaintiff could perform the job of electrical assembler and press machine operator, both jobs that exist in significant numbers in the national economy. *Id.* at 41.

## IV. Standard for Review.

This Court reviews the Commissioner's decision to determine "whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The court does not reweigh evidence on judicial review, but evidence supporting the Commissioner's decision can be "overwhelmed by other evidence in the record." *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014).

## V. Plaintiff's claims.

Plaintiff raises five errors on appeal. She alleges the ALJ: (1) failed to document application of the "psychiatric review technique" ("PRT"); (2) set forth a residual capacity assessment not supported by substantial evidence; (3) failed to properly account for Plaintiff's obesity; (4) "improperly relied heavily" on her smoking; and (5) erroneously relied on boilerplate language in

4

assessing the credibility of Plaintiff's activities of daily living. Doc. 14, at 2. The Court finds the first error to be dispositive and reverses and remands the Commissioner's decision for further proceedings. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## VI. Analysis.

To start, when there is evidence a mental impairment allegedly prevents a claimant from working, the ALJ "must follow the procedure for evaluating mental impairments set forth" in the regulations and is required to document a PRT application. *Cruse v. U.S. Dep't of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995); *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) (applying *Cruse*); *see* 20 C.F.R. § 404.1520a. This the ALJ did not do.

To apply the PRT, the ALJ must first evaluate whether the claimant has a "medically determinable mental impairment," 20 C.F.R. § 404.1520a(b)(1), and then determine the degree of function the claimant has lost as a result of the impairment by assessing his level of functioning in four specific areas. *See Cruse*, 49 F.3d at 617. The four areas are: (i) activities of daily living; (ii) social functioning; (iii) concentration, persistence, or pace;

5

and (iv) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). Furthermore, the ALJ must specifically document his PRT findings. *See Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) ("[T]here must be competent evidence in the record to support the conclusions recorded on the [PRT] form and the ALJ must discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.") (citation omitted); *see also* 20 C.F.R. § 404.1520a(e)(4) ("At the administrative law judge hearing [level], the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)"); *Carpenter*, 537 F.3d at 1268 (although not required to prepare the PRT form, the ALJ must "document application of the technique in the decision") (quoting 20 C.F.R. §§ 404.1520a(e), 416.920a(e)).

The ALJ did not do so in Plaintiff's case. The Commissioner acknowledges Plaintiff's "alleged depression," but argues the record supports the ALJ's conclusion her condition was non-severe, citing her lack of mental health counseling and her one complaint of depression due to marital difficulties. Doc. 21, at 7.

The undersigned agrees the ALJ found Plaintiff to have non-severe depression. AR 31. How the ALJ reached this conclusion is far from clear. The record provides various acknowledgments of Plaintiff's mental state: *see id.* at 282 (consultative examination report concluding ASSESSMENT: . . . 5) Clinical depression by hx."), 292 (treating physician Dr. Blake Baird observed "She's very depressed and tearful . . . ."), 296 (Dr. Baird's assessment: "Depression and irritability; not controlled with Zoloft."), 299 (Dr. Baird noted "She also wants to get off of Prozac . . . She has already tried Celexa and Paxil . . . so we will try some Zoloft."), 301 (Dr. Baird: "Situational depression, she says she's a little better with the increase in Prozac dose."), 336 (Mental Functional Assessment of "Depressive Disorder"), 346 (assessment of "Depressive disorder NEC"), 369 (same), 372 (same), and 391 (noting past medical history includes "depression").

The Commissioner argues harmless error, citing *Rose v. Colvin*, 634 F. App'x 632, 636 (10th Cir. 2015). There, the ALJ similarly did not determine plaintiff's mental impairments to be severe at step two. *Id.* And that ALJ also failed to "document the required technique." *Id.* Unlike here, the ALJ went on to "determine[] at step four that [plaintiff's[ psychological impairments limited her ability to sustain concentration," limiting her to unskilled work, *and* limited plaintiff to a relatively isolated environment with

limited contacts with peers and supervisors and the general public. *Id.* Further, the undersigned finds no binding caselaw holding that the failure to both utilize the PRT and to document the required technique can amount to harmless error when the ALJ concludes the "medical evidence of record does not substantiate the severity of this condition" and finds "this impairment non-severe." *See* AR 31; *see also Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir.1989) ("The determination of whether substantial evidence supports the [ALJ's] decision is not simply a 'quantitative exercise,' for evidence is not substantial if it is overwhelmed by other evidence *or if it really constitutes mere conclusion.*") (emphasis added); *White v. Astrue*, 549 F. Supp. 2d 1330, 1335 (W.D. Okla. 2008) (noting, "[h]ere, the administrative law judge did not set forth her findings and conclusions concerning the Plaintiff's mental impairment sufficiently for the Court to insure that correct legal standards were followed and that the proper analysis was conducted" and reversing and remanding); *Norris v. Colvin*, No. CIV-15-1191-SM, 2016 WL 4212275, at *2 (W.D. Okla. Aug, 9, 2016) (unpublished order) (rejecting harmless error argument where Court "cannot follow the ALJ's reasoning . . . ."); *Wright v. Colvin*, No. CIV-14-1046-W, 2015 WL 6554349, at *4 (W.D. Okla. Oct. 7, 2015) (unpublished magistrate judge recommendation) (finding the ALJ's failure to employ the PRT was not "harmless error" where the ALJ otherwise

failed to sufficiently explain the effects of the mental impairments in the RFC), *adopted*, 2015 WL 6755322 (W.D. Okla. Oct. 29, 2015) (unpublished order).

Here, the ALJ acknowledged Plaintiff's allegations of depression, and that she received medication for her condition. AR 35 (noting the change in depression medication by Dr. Baird). The ALJ also repeatedly discounted Plaintiff's credibility and gave no weight to the assessments and treatment records of a non-acceptable medical source. *Id.* at 36, 38-39, 40. Plaintiff's possible exaggeration of her symptoms does not obviate the PRT error. As to the non-acceptable medical source records, *id.* at 325-78, the ALJ's PRT documentation error remains uncured.

As to the Commissioner's argument that Plaintiff sought no mental health treatment, there is "no case authority requiring [a claimant] to obtain medical treatment from [a specialist in the mental health profession] before an ALJ can find that she has a severe mental impairment." *Fleetwood v. Barnhart*, 211 F. App'x 736, 739 (10th Cir. 2007). And the failure to obtain medical treatment does not relieve the ALJ of the PRT documentation requirement.

As discussed above, there was evidence, albeit thin, that Plaintiff suffered from a mental impairment, *i.e.*, depression. Because the ALJ failed

to utilize the PRT and to properly document his PRT findings, the court finds the record evidence inadequate to provide substantial evidence to support the ALJ's decision. The court thus reverses the Commissioner's decision and remands the case for further analysis by the ALJ of Plaintiff's mental impairments. On remand, if such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## VII. Conclusion.

The court reverses and remands the Commissioner's decision.

ENTERED this 3rd day of November, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE